UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW J. OLMSTEAD, | No. 2:25-cv-00148-JNW |
| Plaintiff, | SCHEDULING ORDER |
| v. | |
| KING COUNTY, | |
| Defendant. | |

| | |
|---|---|
| ENRICO DONAGLIA, | No. 2:25-cv-00146-BAT |
| Plaintiff, | |
| v. | |
| KING COUNTY, | |
| Defendant. | |

| | |
|---|---|
| | No. 2:25-cv-00145-DWC |
| WAYNE S. GODING, | |
| Plaintiff, | |
| v. | |
| KING COUNTY, | |
| Defendant. | |

1

## 1. SCHEDULING DATES

On December 23, 2025, the Court granted the parties' stipulated motion to consolidate cases for the purposes of discovery and summary judgment. Dkt. No. 18.[1] Although the Court did not previously enter a corresponding scheduling order, the Court assumes the parties have proceeded with their stipulated deadlines. *See* Dkt. No. 17. The Court now GRANTS the stipulated motion to the extent it requests adoption of the parties' agreed schedule and ADOPTS the following deadlines for the consolidated cases:

| Event | Date |
|---|---|
| Disclosure of expert testimony under Fed. R. Civ. P. 26(a)(2) | April 17, 2026 |
| Disclosure of rebuttal expert testimony under Fed. R. Civ. P. 26(a)(2) | Within 30 days after the other party's expert disclosure. |
| All motions related to discovery must be noted for consideration no later than (see LCR 7(d)) | May 15, 2026 |
| Discovery completed by | June 15, 2026 |
| All dispositive motions and motions challenging expert witness testimony must be filed by (see LCR 7(d)) | July 17, 2026 |
| Deadline for joining additional parties | July 18, 2026 |

---

[1] All docket references in this Order are to the docket in *Olmstead v. King County*, No. 2:25-cv-00148-JNW.

| Event | Date |
|---|---|
| Settlement conference per LCR 39.1(c)(3) held no later than | August 14, 2026 |
| Plaintiff's LCR 16 pretrial statement due | August 21, 2026 |
| All motions in limine filed by | September 18, 2026 |
| Trial brief, proposed voir dire questions and proposed jury instructions field by | September 26, 2026 |
| Pretrial conference | TBD |
| Trial | TBD |

The Court recognizes that at least one deadline has already passed. If any party seeks relief from any deadline—whether passed or upcoming—the parties must meet and confer and file an appropriate motion explaining the basis for the requested relief. Absent such a motion, the parties are expected to comply with the schedule above.

The Local Civil Rules set all other dates. The dates listed in this order and set by the Local Civil Rules are firm and cannot be changed by agreement between the parties. Only the Court may alter these dates and it will do so only if good cause is shown. Failure to complete discovery within the time allowed does not establish good cause. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event must be performed on the next

business day. If the scheduled trial date creates an irreconcilable conflict, counsel must email Grant Cogswell, Courtroom Deputy, at grant_cogswell@wawd.uscourts.gov within 10 days of the date of this Order, explaining the exact nature of the conflict. Failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled but should understand that trial may have to await the completion of other cases.

## 2.  COOPERATION

As required by LCR 37(a), all discovery matters should be resolved by agreement if possible. Counsel are also directed to cooperate in preparing the final pretrial order in the format required by LCR 16.1, except as ordered below.

## 3.  EXHIBITS

The parties must deliver one copy of their respective trial exhibits to Grant Cogswell, Courtroom Deputy, five (5) days before the trial date. Each exhibit must be clearly marked on the face of the exhibit. Each set of exhibits must be submitted in a three−ring binder with appropriately numbered tabs. The Court alters the LCR 16.1 procedure for numbering exhibits as follows: Plaintiff's exhibits should be numbered consecutively beginning with 1; Defendant's exhibits should include the prefix "A" and should be numbered consecutively beginning with A−1. Duplicate documents should not be listed twice. Once a party has identified an exhibit in the pretrial order, any party may use it. In addition, no later than seven (7) days before the trial date, the parties should send an electronic copy of all exhibits in .PDF format with Optical Character Recognition ("OCR") searchable text to Grant Cogswell, Courtroom Deputy. The parties should notify the court of any physical

objects or files that cannot be transmitted electronically. Exhibits must be marked as described above, and the following protocols also apply: (1) Electronic exhibits must be transmitted individually (i.e., one exhibit per file), but exhibits may have multiple pages; (2) Exhibit file names should match the descriptions listed on the joint exhibit list as closely as possible except that file names should not exceed 80 characters, e.g., Ex. 1 − Accident Scene Photo; Ex. A−1 − Email dated 4−03−23.

## 4. SETTLEMENT

If this case settles, counsel must notify Grant Cogswell, Courtroom Deputy, as soon as possible at grant_cogswell@wawd.uscourts.gov. An attorney who fails to give the courtroom deputy prompt notice of settlement may be subject to sanctions or discipline under LCR 11(b).

Dated this 29th day of April, 2026.

Jamal N. Whitehead
United States District Judge

5